**In the Matter of REGAL ELECTRONICS CORPORATION, Bankrupt.**

United States District Court
S. D. New York.
Dec. 14, 1955.

Louis W. Vyner, New York City, for petitioner.

Reich, Peller, Guadagno & Caine, New York City (Howard Shugerman, New York City, of counsel), for trustee.

O'Dwyer & Bernstein, New York City (Paul O'Dwyer and Howard N. Meyer, New York City, of counsel), for Bernard Damsky.

HERLANDS, District Judge.

Thompson Lithographic Associates, Inc., a creditor of Regal Electronics Corporation, which was adjudicated a bankrupt March 21, 1955, petitions for review of an order of the referee in bankruptcy, authorizing the trustee in bankruptcy to compromise a controversy between the trustee and one Bernard Damsky with regard to a fund of $15,000 held in escrow.

On December 21, 1953, Regal Electronics Corporation, the debtor, filed a voluntary petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. It was, for a time, continued in business as debtor-in-possession. At the hearing on the debtor's proposed plan of arrangement, an official creditors' committee was constituted. It retained counsel and an accounting firm to audit and supervise and continue to examine and report on the books and records of the debtor.

An amended plan of arrangement of November 10, 1954, required the debtor to obtain $50,000 of additional or new capital. In connection with that plan, Walter Spiegel, the principal officer, director and stockholder of the debtor, sought out Damsky and entered into negotiations with him, looking towards his advancement of the required $50,000. These negotiations resulted in an understanding between Damsky and the debtor corporation, under which Damsky was to furnish the $50,000 in instalments.

Pursuant to this understanding, Damsky, on November 12, 1954, advanced an initial instalment of $5,000. This was turned over to the debtor's attorneys who, in turn, deposited it with counsel for the creditors' committee. The escrow receipt (dated November 12, 1954) for this initial payment of $5,000 contained the following three provisions:

"1. In the event that the modified plan of arrangement submitted today should fail of confirmation for any reason other than through the failure of the debtor to perform such acts as are required to confirm said plan, then said sum of $5,000.00, upon the entry of an order of adjudication, shall be returned to you as attorneys.

"2. In the event that an order of adjudication shall be entered as a result of the failure of the debtor to confirm a plan of arrangement within the time permitted by the Court because of the failure of the debtor to do anything required of it towards confirmation, then the sum of $5,000.00 shall, upon the entry of an order of adjudication, be delivered to the trustee in bankruptcy in this proceeding to be treated as liquidated damages to the estate and to be made a part of the estate of the above named bankrupt.

"3. In the event that the plan of arrangement shall fail of confirmation solely because of the fact specifications of objections shall be sustained, then the moneys shall be returned to you."

On March 8, 1955, a second instalment of $10,000 was paid by Damsky. The escrow receipt for the second instalment of $10,000 contained provisions identical with those quoted above.

Ten days later—on March 18, 1955, at a hearing before Referee Loewenthal—counsel for the creditors' committee disclosed that $20,000 in "N.G." checks (checks written against insufficient funds) had been issued by the debtor; that $20,000 additional was due and owing for withholding taxes, which the

debtor had failed to deposit in a designated depository in violation of the original order; and that it appeared that the debtor had allowed a substantial amount of administration obligations to become past due.

Upon the disclosure of these facts, the referee directed that the debtor be adjudicated a bankrupt; and it was so adjudicated on March 21, 1955.

Counsel for Damsky made prompt demand on counsel for the creditors' committee, who was also the escrow depository, for the return of the $15,000. This demand was refused. It was followed by an application (dated April 11, 1955) made by the trustee for an order directing that the $15,000 be turned over to the trustee. In opposition to this application, Damsky filed a verified answer (dated April 28, 1955) demanding repayment of the $15,000.

Damsky's answer charged that early in the course of the negotiations, Damsky had been informed, in answer to his inquiries, that the debtor's affairs were being supervised by the creditors' committee, its counsel and accountant; that the latter were making regular audits of the debtor's conduct of its business; and that the debtor was meeting administrative obligations and tax obligations as they accrued, after the filing of the original petition. Damsky contended: (1) that he was entitled to a return of the $15,000 by the terms of the escrow receipt; and (2) that the concealment or misrepresentation of the debtor's condition and activities, as a result of which he made the $15,000 deposits, constituted a fraud which entitled him to a repayment of that sum.

A settlement was arrived at between the trustee and Damsky, by the terms of which $5,000 was to be retained by the trustee and turned into the estate; $10,-000 was to be returned to Damsky; and Damsky was to be released from any claim of liability with respect to the balance of $35,000 covered by the amended plan of arrangement.

By direction of the referee, notice of a hearing on the compromise was sent to all creditors. At the hearing, held on July 25, 1955, the petitioner—who is an administration creditor with a claim of $7,500—appeared and objected to the proposed compromise and settlement. The unsecured obligations of the bankrupt amounted to over $800,000. The petitioner was the only creditor who objected to the proposed compromise and settlement.

On August 8, 1955, the referee denied the application to approve the compromise and settlement. Thereafter, on September 12, 1955, a further hearing was held and the matter was reargued upon application of the trustee. The objecting creditor (the petitioner herein) participated at the second hearing and reargument. The referee reconsidered his original decision and, on October 3, 1955, directed approval of the compromise. The order of approval, entered October 18, 1955, is now challenged by the petitioner.

In support of its objections, petitioner presents three basic arguments. The first contention is that the referee's original determination denying leave to compromise the controversy was correct. The second argument is that the referee's subsequent order reversing his original decision was an abuse of discretion.

Both arguments are predicated upon the erroneous assumption that there are no substantial issues of law or fact justifying settlement of the claim on the terms agreed upon. These contentions overlook the fact (as was brought out in the oral presentation before the referee) that Damsky had a basis for claiming that the $15,000 should be returned to him because: (1) paragraph "2" of the escrow receipt was arguably void as being a penalty provision; (2) the instant situation was arguably covered by paragraph "1," rather than paragraph "2" of the escrow receipt, and that under the terms of paragraph "1," Damsky was entitled to a return of the $15,000 already paid over; and (3) Damsky was arguably induced to enter into the agreement through

649

fraudulent concealment and misrepresentation, and thus entitled to restitution of payments already made by him. In view of the substantial certainty of the merits of this bona fide dispute, the trustee's effort to effect a settlement and avoid litigation expenses appears clearly to be in the best interest of the estate.

■ Petitioner's third argument, based on a point of procedure, is that the original order of the referee could not properly be changed upon a motion for reargument, but should have been reviewed by petition of an aggrieved party. This contention is erroneous. See In re Pottasch Bros. Co., Inc., 2 Cir., 1935, 79 F.2d 613, 616, 101 A.L.R. 1182.

Petition dismissed.